# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARRON FREDERICK LEMON | * | |
| Plaintiff, | * | |
| v | * | Civil Action No.  ELH-16-979 |
| JEANNIE JINKUNG HONG, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM

Arron Frederick Lemon, who is self-represented, filed suit under 42 U.S.C. § 1983 against Jeannie J. Hong, a judge serving on the Circuit Court of Maryland for Baltimore City. ECF 1.  He has attached numerous exhibits to his suit.  ECF 1-2 to ECF 1-13.  According to Lemon, during State criminal proceedings held on January 16, 2014, and March 6, 2014, Judge Hong deprived him of his rights under the United States Constitution and Maryland law.  ECF 1.[1]

Lemon has paid the filing fee.  For the reasons set forth below, the case shall be dismissed.

## I.  Factual Background

On January 16, 2014, during a criminal proceeding involving a charge of possession of marijuana by defendant, Judge Hong expressed concern about Lemon's mental status.  She also held Lemon in criminal contempt for disrupting the criminal hearing, and sentenced him to 120

---

[1] Plaintiff refers to the dates of January 16, 201**4** and January 16, 201**3**.  *See*, *e.g.*, ECF 1 ¶¶ 1, 30.  Because it appears that January 14, 2014, is the correct date, I shall use that date.

Plaintiff also indicates in his Complaint that he entered a plea of guilty on March 3 and March 6 of 2014.  *See*, *e.g.*, ECF 1 ¶¶ 1, 3; ECF 1-13 ¶ 2.  As discussed, *infra*, the Maryland State Casesearch Website shows that Lemon pleaded guilty on March **6**, 201**4**, in Case 813032017, to possession of marijuana, and he received a two-day sentence of time served.

days of incarceration for the contempt.  ECF 1-10 (Order of Direct Criminal Contempt); ECF 1 at 18 ¶ 79.[2]

Lemon complained to Judge Hong at the hearing on January 16, 2014,[3] that his case was "'over four hundred something days old." (ECF 1, ¶ 30), in violation of the State's 180-day "Hick's Rule." ECF 1, ¶¶ 30, 38.[4]  He also accused the judge of bias.  *Id.*  Judge Hong initially called for a jury (*Id.* ¶ 33) and Lemon did not want a lawyer.  *Id.*  ¶¶ 34-36.  Moreover, he demanded to confront his accuser, the State of Maryland.  *Id.* ¶¶ 40-44.

At the proceeding on January 16, 2014, Judge Hong asked Lemon whether he had ingested anything during the lunch break.  *Id.* ¶ 47.  He responded, in part (*id.* ¶ 48):

> You can't sit there and say that I'm crazy.  You said that I have the Right to be confronted with my accuser.  It says the STATE OF MARYLAND v. AARON LEMON.  Okay, that's the accuser.  How, how, how, I don't understand?  What, what, am I speaking a foreign language?  The accuser is the STATE OF MARYLAND.  You said I have the Right to be confronted with by [sic] My accuser.  I want to be confronted by the STATE OF MARYLAND.  That's it.  You said I have that Right.  So, I'm asking I'm asking for that right.

Judge Hong asked Lemon whether he wanted to consider referral to the mental health court.  *Id.* ¶¶ 49, 52, 70.  In addition, Judge Hong warned Lemon that his behavior placed him in possible contempt of court (*id.* ¶¶ 63, 73) and, later in the proceeding, she found him in

---

[2] Several months earlier, on September 17, 2013, Judge William C. Mulford, III, of the Circuit Court for Anne Arundel County, had committed Lemon to an evaluation for his competency to stand trial in another matter. ECF 1-9.  Lemon was evaluated at Springfield Hospital Center, and was found competent, *i.e.*, he was determined to be able to understand the nature of proceedings against him and assist in his own defense.  *Id.*

[3] Plaintiff sets forth the date of January 16, 2013.

[4] I note that in his Complaint, Lemon appears to quote from a court transcript, but he has not included the transcript with his many exhibits.  Nevertheless, given the posture of the case, I shall assume the accuracy of plaintiff's allegations as to what transpired in the Circuit Court for Baltimore City.

2

contempt. *Id.* ¶ 79. As noted, she sentenced Lemon to 120 days of incarceration on the contempt.

On March 6, 2014, Lemon pleaded guilty in the Circuit Court for Baltimore City, in case 813032017, to the offense of possession of marijuana. The court imposed a two-day sentence of time served. https://ecf.mdd.circ4.dcn/cgi-bin/DktRpt.pl?847608536591934-L_1_0-1. Plaintiff claims he pleaded guilty under duress (ECF 1 ¶ 1), because of the earlier sentence for contempt.

Notably, Lemon twice sought to remove his State case to this District. *See* Civil Action No. RDB-13-469 (D. Md.); ELH-13-1575 (D. Md.). The Honorable Richard D. Bennett remanded Civil Action No. RDB-13-469 (D. Md.) to the Circuit Court for Baltimore City on September 17, 2013. I remanded ELH-13-1575 (D. Md.) to the Circuit Court for Baltimore City on June 3, 2013.

This Complaint is the second Lemon has filed in this District against Judge Hong based on the underlying State criminal proceedings. On March 30, 2016, the Honorable James K. Bredar dismissed Lemon's first suit, *Lemon v. Hong*, *et al.*, JKB-16-872 (D. Md.), without prejudice, for lack of jurisdiction and for failure to state a claim. The claims in this case, for Abuse of Process (Count 1); Fraud (Count 2); Battery (Count 3); False Imprisonment (Count 4); Intentional Infliction of Emotional Distress (Count 5); and Intent (Count 6), are largely the same as the claims asserted in Judge Bredar's case. However, in the case assigned to Judge Bredar, Lemon also sued the State prosecutor and a defense attorney. In this case, Judge Hong is the sole defendant.

In the instant Complaint, Lemon claims, *inter alia*, that Judge Hong acted without jurisdiction in his criminal proceeding; that her conduct was "QUASI-JUDICIAL" (ECF 1, ¶ 3); and her conduct was in disregard of his right to a speedy trial and due process. ECF 1 at 3, 6. As

in his first case, Lemon claims Judge Hong acted with "evil motive, intent to injure, ill will and fraud, under color of law" (ECF 1, ¶ 19), so as to deny him a speedy trial, deny him due process, use the Maryland Courts for her own personal gain, and cause him physical and emotional harm. ECF 1 at 8-9; *see also Lemon v. Hong, et al.*, JKB-16-872, ECF 1 at 2-5.

As relief, Lemon seeks a total of $12 million dollars in damages as well as declaratory and injunctive relief. ECF 1 at 21. He seeks declaratory relief stating that his constitutional rights were violated. *Id*. at 22. As injunctive relief, he asks to enjoin the State of Maryland from attempting "to impart the Defendant with any immunity" and to stop defendant from "engaging in Unconstitutional and Unlawful acts." *Id*. at 23-24.

## II. DISCUSSION

### A.

A complaint may be dismissed for failure to state a claim. But, it should not be dismissed for failure to state a claim unless, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

As an initial matter, the court is mindful that Lemon is a self-represented litigant, and therefore his pleadings must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, even under this standard, the Complaint is subject to dismissal, because it fails "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**B.**

As was explained to Lemon in the Memorandum issued by Judge Bredar, judges are shielded from suit by the doctrine of judicial immunity. *Lemon v. Hong, et al.*, JKB-16-872, ECF 3. Judges are protected by absolute immunity from suit because they must be able to execute certain official duties without the constant fear of lawsuits. *See Stump v. Sparkman*, 435 U.S. 349, 362–63 (1978). A judge performing her judicial duties should be free to act upon her convictions without threat of suit for damages. *Mireless v. Waco*, 502 U.S. 9, 13 (1991) (citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

Judicial immunity can be overcome in two circumstances. First, a judge is not immune from liability for non-judicial acts. *Stump*, 435 U.S. at 360. Second, a judge is not immune for actions, though judicial in nature, that were taken in complete absence of all jurisdiction. *Id.* at 356–57. In determining whether an act is judicial, a court examines whether the act in contention is a function normally performed by a judge. *Id.* at 362. Neither exception applies here.

Lemon complains about determinations made by Judge Hong during the course of his pretrial hearing and guilty plea proceeding. *See e.g.* ECF 1 at 11-20. These determinations were clearly within the realm of judicial responsibilities and are functions typically performed by a judge. It is a judge's responsibility to hear and adjudicate criminal proceedings. Indeed, this law lawsuit exemplifies the type of action that necessitates the protections conferred by judicial immunity. Lemon's bald assertions that Judge Hong's decisions were rendered in the absence of jurisdiction are unsubstantiated and border on the frivolous.

In sum, Lemon's dissatisfaction with the outcome of his criminal proceedings is insufficient to suggest that Judge Hong acted without jurisdiction. Judge Hong is entitled to judicial immunity.

## C.

To the extent Lemon is attempting to appeal his State conviction in federal court, the *Rooker–Feldman* doctrine warrants abstention in this case.

The *Rooker-Feldman* doctrine derives from two Supreme Court cases: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker–Feldman* doctrine is a jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015). In other words, the *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Thus, "the doctrine forbids claims that 'seek [ ] redress for an injury caused by the state-court decision itself' because they 'ask[ ] the federal district court to conduct an appellate review of the state-court decision.'" *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)) (alterations in *Adkins*); *accord Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). The doctrine derives from 28 U.S.C. § 1257, a federal statute that vests the United States Supreme Court with jurisdiction to hear appeals from state court decisions in cases raising questions of federal law. *See Adkins*, 464 F.3d at 463-64.

Ordinarily, a party to a state court proceeding is able to raise objections in the state proceeding on the basis of applicable federal law or federal constitutional provisions. "'Under our system of dual sovereignty, . . . state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'" *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990)) (emphasis omitted). Moreover, Maryland law provides for appellate review, in Maryland State courts, of adverse decisions of a Maryland circuit court. *See* Md. Code (2013 Repl. Vol.), § 12-301 of the Courts & Judicial Proceedings Article. The *Rooker-Feldman* doctrine precludes a federal district court from short-circuiting that process and directly reviewing the judgment of a state court. *See Stillwell*, 336 F.3d at 319 ("[T]he *Rooker-Feldman* doctrine . . . preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts.").[5]

### D.

Lastly, Lemon's claims for the allegedly unlawful criminal proceedings must be dismissed under *Heck v. Humphrey*. 512 U.S. 477, 486–87 and nn. 6–8 (1994) ("a § 983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). A plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence

---

[5] *Exxon-Mobil, supra*, 544 U.S. 280, confirms that the *Rooker-Feldman* doctrine bars federal actions "complaining of injuries *caused by state-court judgments*" themselves. *Id.* at 284 (emphasis added). But, it does not apply to federal actions that are merely parallel to concurrent state court actions, and which complain of the same alleged injuries that occurred outside of the judicial process. "When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Id.* at 292.

invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id*.

Lemon has failed to demonstrate the status of those criminal proceedings. Therefore, *Heck* compels dismissal of his claim for damages.

## CONCLUSION

For these reasons, the Complaint fails to state a claim upon which relief may be granted. Accordingly, the court shall dismiss the case by separate Order.


May 3, 2016                                                          /s/
Date                                                                   Ellen L. Hollander
                                                                              United States District Judge