## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ARRON FREDERICK LEMON     *

                             *

Plaintiff,                 *

                             *

v                      *          Civil Action No.  ELH-16-979

                             *

JEANNIE JINKUNG HONG,     *

                             *

Defendant.               *

                             ***

## MEMORANDUM

On May 27, 2016, the self-represented plaintiff, Arron Frederick Lemon, filed a Motion For Reconsideration (ECF 7, "Motion"), pursuant to Rule 60(b)(1),(4) and (6) of the Federal Rules of Civil Procedure, seeking reconsideration of this Court's Order of May 3, 2016.  ECF 4. In that Order, this Court dismissed Lemon's suit because his Complaint (ECF 1) failed to state a claim upon which relief may be granted.   Lemon's Motion was accompanied by a proposed Amended Complaint.  ECF 7-1.  Also on May 27, 2016, Lemon filed a notice of appeal to the Fourth Circuit from the Order dismissing the case.  ECF 5.[1]

### I.       Factual Background

The factual and procedural background pertinent to this case may be found in the Memorandum issued on May 3, 2016.   ECF 3.   I incorporate the Memorandum here by reference, and shall   repeat facts only as necessary to resolve Lemon's pending Motion.

---

[1] Lemon does not seek to stay resolution of his Motion pending appeal. Under Rule 4(a)(4)(A)(iv), (v) and Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure, the notice of appeal is effective after disposition of the Motion.

On January 16, 2014, Judge Hong presided in the Circuit Court for Baltimore City over Lemon's criminal proceeding for marijuana possession. As a result of what occurred during the hearing, Judge Hong expressed concern about Lemon's mental health status.

During the course of the hearing, Lemon complained to Judge Hong that his case was "over four hundred something days old" (ECF 1, ¶ 30), and in violation of the State's 180-day "Hick's Rule." *Id.* ¶¶ 30, 38. He also accused the judge of bias. *Id.* Judge Hong initially called for a jury (*Id.* ¶ 33) and Lemon did not want a lawyer. *Id.* ¶¶ 34-36. Moreover, he demanded to confront his accuser, the State of Maryland. *Id.* ¶¶ 40-44. A jury trial was not convened, however. Ultimately, Judge Hong found Lemon in contempt of court and sentenced him to 120 days' incarceration. ECF 1-10 (Order of Direct Criminal Contempt); ECF 1 at 18 ¶ 79.

On March 6, 2014, Lemon entered a plea of guilty before Judge Hong in the Circuit Court for Baltimore City on a charge of marijuana possession in criminal case 813032017. Judge Hong imposed a two-day sentence of time served. *See* https://ecf.mdd.circ4.dcn/cgi-bin/DktRpt.pl?847608536591934-L_1_0-1.

On March 23, 2016, Lemon filed suit in federal court against Judge Hong, based on his State criminal proceedings. In that case, Lemon also sued the State prosecutor and a defense attorney. *See* ECF 1 in Case JKB-16-872. By Memorandum and Order of March 30, 2016, the Honorable James K. Bredar dismissed Lemon's suit, without prejudice, for lack of jurisdiction and for failure to state a claim. *See Lemon v. Hong*, *et al.*, JKB-16-872, ECF 3, ECF 4.

Days later, on April 4, 2016, Lemon again filed suit against Judge Hong, which is the case *sub judice*. He alleged that she acted without jurisdiction in his criminal proceeding and in disregard of his right to a speedy trial and due process. ECF 2-3, ECF 6. Lemon also claimed that Judge Hong's conduct was "QUASI-JUDICIAL" (ECF 1, ¶ 3), and that her conduct was in

disregard of his right to a speedy trial and due process. ECF 1 at 3, 6.  And, Lemon claimed that he pleaded guilty under duress (ECF 1 ¶ 1), because of his earlier sentence for contempt of court. Lemon claimed Judge Hong acted with "evil motive, intent to injure, ill will and fraud under color of law" to deny him a speedy trial, deny him due process, use the Maryland Courts for her own personal gain, and cause him physical and emotional harm. ECF 1 at 8-9; *see also Lemon v. Hong*, *et al*., JKB-16-872. ECF 1 at 2-5.

As relief, Lemon sought $12 million dollars in damages and declaratory and injunctive relief.  ECF 1 at 21.  Additionally, he sought declaratory relief, stating his constitutional rights were violated.  *Id*. at 22.  As injunctive relief, he asked to enjoin the State of Maryland from attempting "to impart the Defendant with any immunity" and to stop defendant from "engaging in Unconstitutional and Unlawful acts [sic]." *Id*. at 23-24.

By Memorandum and Oder of May 3, 2016, I dismissed Lemon's Complaint because his claims against Judge Hong were based on determinations she rendered during the course of pretrial proceedings.  *See* ECF 3; ECF 4.  I concluded that these determinations were clearly within the scope of her judicial responsibilities and constituted functions typically performed by a judge.  As explained to Lemon by Judge Bredar, and again in my Memorandum (ECF 3 at 5), a judge is "absolutely immune from liability for his [or her] judicial acts." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  Lemon's bald assertions that Judge Hong's decisions were made in the absence of jurisdiction were unsubstantiated and bordered on the frivolous. ECF 3 at 5.  On this ground, I dismissed this case for failure to state a claim.

I also noted that, to the extent Lemon's Complaint represented an attempt to appeal his State conviction in federal court, abstention was warranted under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co*., 263

U.S. 413 (1923).   Insofar as Lemon sought damages under 28 U.S.C. §1983 for allegedly unlawful criminal proceedings against him, a cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*. 512 U.S. 477, 486–87 and nn. 6–8 (1994).   Lemon did not demonstrate invalidation of his conviction or sentence, and his claims for damages were dismissed on this basis as well.

## II.     Discussion

### A.  Rules 59 (e) and 60(b) of the Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment.   *Katyle v. Penn Nat'l Gamin, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011); *see also Ngatia v. Dep't of Pub. Safety & Corr. Serv.*, WDQ-14-0899, 2015 WL 7012672, at *2 (D. Md. Nov. 12, 2015).   However, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b).   *MLC Auto.*, *LLC v. Town of S. Pines,* 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment."  It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order."  *See In re Burnley*, 988 F.2d 1, 2–4 (4th

4

Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion).  Fed. R. Civ. P.

60(b) sets forth a variety of grounds for relief from a final judgment or order.

In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether
> previously called intrinsic or extrinsic), misrepresentation, or misconduct by an
> opposing party; (4) the judgment is void; (5) the judgment has been satisfied,
> released, or discharged; it is based on an earlier judgment that has been reversed
> or vacated; or applying it prospectively is no longer equitable; or (6) any other
> reason that justifies relief.

A motion under Rule 60(b) must be filed "within a reasonable time."  And, if based on

(b)(1), (b)(2), or (b)(3), it must be made "no more than a year after the entry of the

judgment. . . ." Fed. R. Civ. P. 60(c)(1).[2]

The timing of the filing of the motion is the key factor in ascertaining which rule applies.

The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be

analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse

judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d

403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re*

*Burnley*, 988 F.2d at 2–3; *Lewis v. McCabe, Weisberg & Conway, LLC*, DKC 13-1561, 2015 WL

1522840, at *1 (D. Md. Apr. 1, 2015).

In this case, Lemon filed his Motion for Reconsideration twenty-four days after the Order

of dismissal.  Therefore, Rule 59(e) controls.

In this circuit, there are three limited grounds for granting a motion for reconsideration

under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account

---

[2] Lemon's Motion fails to address the standard for providing relief under Fed. R. Civ. P
60(b).

for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex. rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

Notably, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 *Wright, et al., Federal Practice & Procedure* § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D. Md. 2002), *aff'd*, 86 F.App'x 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Wright, et al.*, supra, § 2810.1, at 124).

As noted, Rules 60(b) (1), (4) and (6) allow the court to  relieve "a party...from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1); a void judgment, Fed. R. Civ. P. 60(b)(4); or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind...it is not authorized by Rule 60(b)." *Id*. at 313.  A motion for reconsideration under Rule 60(b)(6), a general "catch all" provision, is generally granted only upon a showing of exceptional circumstances. *See Nat'l Credit Union Admin. Bd,* 1 F.3d  262, 266 (1993) (quoting *Compton v.*

*Alton Steamship Co.,* 608 F.2d 96, 102 (4th Cir. 1979)). Even if Lemon's request were considered pursuant to Rule 60(b)(1), (4) and (6), he fails to demonstrate applicability of these provsions.

### B.  Lemon's Arguments

The gravamen of Lemon's lengthy request for reconsideration, as best as can be discerned, is that he disagrees with my conclusion that judicial immunity applies to Judge Hong's determinations in his criminal proceedings. ECF 7.  Specifically, Lemon reiterates his claims that delays in resolution of his criminal case amounted to violations of his right to speedy trial and due process, and Judge Hong was therefore without jurisdiction to consider his case on January 16, 2014.  *Id*. at 4.  ¶¶ 13, 14.  Further, Lemon suggests that my dismissal of this case amounted to an abuse of discretion, *Id.* at 1 ¶ 2.  He asserts that the dismissal Order "is not on the level and is bordering on the encroachment of the Complainant's Constitutionally secured Rights of Due Process and Redress…." ECF 7 at 12-13, ¶42.  He also claims: "A reasonable Man/Woman would interpret, based upon Judge Hollander's statement on page 5 of her memorandum[3] that it is clearly within the realm of judicial responsibilities to typically deprive a Defendant of Constitutionally secured Rights, ignore procedure and jurisdiction, whereas, the united [sic] States Constitution Article 6 says the complete opposite." *Id.* at 8-9 ¶24.  Lemon also discusses Eleventh immunity, although dismissal of the case was not predicated on Eleventh Amendment immunity. Some portions of the Motion are irrelevant or at best tangential to the determination to dismiss this case. *See, e.g.,  Id*. at 2 (discussing exhaustion); *id*. at 3 (discussing whether a person is acting under the color of state law).

---

[3] Lemon likely is referring to the statement which reads: "Indeed, this law lawsuit exemplifies the type of action that necessitates the protections conferred by judicial immunity." ECF 3 at 5.

### C.  Analysis

Lemon does not identify a specific basis for reconsideration under standards set forth above. He provides no grounds for reconsideration to accommodate an intervening change in controlling law or to account for new evidence not previously available. Insofar as he may seek to correct a clear error of law or prevent manifest injustice, his arguments are unavailing. The essence of Lemon's reconsideration motion is that Judge Hong lacked jurisdiction to hear his case due to speedy trial and due process infirmities, and thus she was not entitled to judicial immunity as to the rulings made in his State criminal proceeding.

The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam).  Judicial immunity is an absolute immunity: it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump,* 435 U.S. at 359).  "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id*. at 355–56; *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08–CV–135–H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010) (unpublished) (claims against a state court within his capacity as judicial officer was barred by the doctrine of judicial immunity).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an

unconstitutional conviction.  The Court explained the rationale for judicial immunity, *id.* at 553-54:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences"... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

Regardless of Lemon's conclusory claims of constitutional violation, he provides no grounds to defeat the judicial immunity that applies to Judge Hong's determinations in his criminal matter.  Lemon's reiteration of previously presented claims provides no cause to reconsider the Order dismissing his case.

In regard to Lemon's claims for injunctive and declaratory relief, he provides no legal grounds for this court to reconsider its determinations based on the *Rooker-Feldman* doctrine.  If Lemon believes his plea in the State criminal case was entered involuntarily and under duress, Lemon may bring his claims before the State courts, as may be appropriate.

### III.  Conclusion

For these reasons, the Motion asking this Court to reconsider its dismissal of this case will be denied.  A separate Order follows.

June 2, 2016                              _____/s/_____
Date                                         Ellen L. Hollander
                                               United States District Judge

9